IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

**FILED**

MAY 22 2002

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | |
|---|---|
| Madge Lee Socky, as Personal Representative of the Estate of Frank J. Socky, | Civil Action No. 3 03 1782 19 |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Jury Trial Demanded)** |
| Versa Products, Inc.; G & L Products, Inc.; and Home Depot U.S.A., Inc., | |
| Defendants. | |

Plaintiff, Madge Lee Socky, as Personal Representative of the Estate of Frank J. Socky, by way of her Complaint in this matter, would allege and show unto this Honorable Court the following:

### I. Parties, Jurisdiction, and Venue

1.  Plaintiff is a citizen and resident of the State of South Carolina, County of Richland. Plaintiff is the duly appointed personal representative of her deceased husband, Frank J. Socky. She brings this action for wrongful death, pursuant to the South Carolina Wrongful Death Act, S.C. Code Ann. § 15-51-10 et seq., and for injuries to the person of a deceased individual, pursuant to the South Carolina Survival Statute, S.C. Code Ann. § 15-5-90.

2.  Upon information and belief, Defendant Versa Products, Inc. (hereinafter "Defendant Versa") is a corporation organized and existing under the laws of a state other than South Carolina, with its principal place of business in the State of Wisconsin. This Court has in personam jurisdiction over Defendant Versa because, at all times relevant to the allegations herein, Defendant Versa sold products and otherwise conducted business within the State of South Carolina and/or

because it knowingly or intentionally placed its products into the stream of commerce, reasonably anticipating that they would be distributed and sold in South Carolina. Upon information and belief, Defendant Versa has derived substantial revenue from the sales of its products in South Carolina.

3. Upon information and belief, Defendant G & L Products, Inc. (hereinafter "Defendant G & L") is a corporation organized and existing under the laws of a state other than South Carolina, with its principal place of business in the State of Iowa. This Court has *in personam* jurisdiction over Defendant G & L because, at all times relevant to the allegations herein, Defendant G & L knowingly or intentionally placed its products into the stream of commerce, reasonably anticipating that they would be sold in South Carolina. Upon information and belief, Defendant G & L has derived substantial revenue from the sales of its products in South Carolina.

4. Upon information and belief, Defendant Home Depot U.S.A., Inc. (hereinafter "Defendant Home Depot") is a corporation organized and existing under the laws Delaware, with its principal place of business in Atlanta, Georgia. This Court has *in personam* jurisdiction over Defendant Home Depot because, at all times relevant to the allegations herein, Defendant Home Depot owned property and conducted business within the State of South Carolina.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (a), because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. In addition, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 2072(a) for Plaintiff's claims arising under the Consumer Product Safety Act, as amended, 15 U.S.C. § 2051 *et seq.* The amount in controversy exceeds $10,000, exclusive of interest and costs.

7.      Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(a), because the events that gave rise to Plaintiff's claims occurred within this District and Division.

## II. Facts

8.      At all times material to the allegations herein, Defendant Versa manufactured, marketed, and distributed folding, articulating ladders, known by the trade name "Versaladder." These ladders are composed of four sections connected by three pairs of hinges, and are designed and intended to be used in a variety of configurations, such as a straight ladder, a step ladder, or scaffolding.

9.      Upon information and belief, Defendant G & L is a subsidiary corporation of Defendant Versa or is otherwise related to Defendant Versa through common ownership, direction, or control. Upon further information and belief, Defendant G & L manufactures and/or assembles the Versaladders or component parts of the Versaladders for Defendant Versa.

10.     At some time prior to June 17, 2001, Plaintiff's decedent, Frank Socky, purchased a 12-foot aluminum Versaladder from Defendant Home Depot at its retail establishment on Two Notch Road in Richland County, South Carolina (Store #1110). The subject ladder was manufactured by Defendant G & L and/or Defendant Versa on or about May 1994 and thereafter placed into the normal stream of commerce by Defendant Versa.

11.     On Fathers' Day, Sunday, June 17, 2001, Plaintiff's decedent was using the subject ladder, in a manner in which it was intended, to repair a flood light on the outside of his home. Plaintiff's decedent was using the subject ladder in the straight configuration to reach a light fixture that was approximately 12 feet above the ground. At all times relevant hereto, Plaintiff's decedent was using the ladder in accordance with the manufacturers' and sellers' instructions or in a manner

reasonably foreseeable to the Defendants manufacturers and sellers.

12. After Plaintiff's decedent had been on the ladder for several minutes, the ladder suddenly and unexpectedly collapsed, when one or more of the top hinges failed, causing the upper section of the ladder to fold backwards. The collapse of the ladder caused Plaintiff's decedent to fall head-first onto a concrete sidewalk behind him, where he sustained fatal trauma to his head.

### FOR A FIRST CAUSE OF ACTION
(Against all Defendants)
(Negligence, Gross Negligence, Recklessness)

13. Plaintiff repeats and realleges paragraphs 1-12 as if restated verbatim.

14. Defendants Versa and G & L were negligent, grossly negligent, negligent per se, and reckless in one or more of the following particulars:

   a. In failing to properly manufacture the Versaladder;

   b. In failing to properly design the Versaladder;

   c. In failing to properly test the Versaladder;

   d. In failing to use proper materials in the manufacture of the Versaladder;

   e. In failing to adequately warn users of the Versaladder of the risk of serious injury or death from use of the product;

   f. In failing to adequately instruct users of the Versaladder on how to properly operate and maintain the ladder to reduce the risk of serious injury or death from the use of the product;

   g. In failing to recall the product, despite having knowledge of multiple and repeated incidents of serious bodily injury or death caused by the Versaladder;

   h. In failing to maintain a sufficient reporting and monitoring system to evaluate

reported incidents of serious bodily injury or death caused by the Versaladder; and

  i. In failing to submit reports to the Consumer Products Safety Commission or other governmental or private entities or organizations that monitor the safety of consumer products, as required by applicable statutes and regulations.

15. Upon information and belief, Defendant Home Depot was negligent, grossly negligent, negligent per se, and reckless in one or more of the following particulars:

  a. In failing to adequately warn users of the Versaladder of the risk of serious injury or death from use of the product, despite having actual or constructive knowledge or notice of incidents of death or serious injury caused by the Versaladder;

  b. In failing to adequately research the safety record of the Versaladder before offering such product for sale to consumers;

  c. In continuing to offer the Versaladder for sale to consumers after it knew or reasonably should have known of multiple reports of serious injuries caused by the Versaladder;

  d. In failing to recall the product, despite having actual or constructive knowledge of multiple and repeated incidents of serious bodily injury or death caused by the Versaladder;

  e. In failing to maintain a sufficient reporting and monitoring system to evaluate reported incidents of serious bodily injury or death caused by the Versaladder; and

  f. In failing to submit reports to the Consumer Products Safety Commission or other governmental or private entities or organizations that monitor the safety of consumer products, as required by applicable statutes and regulations.

16. As a direct and proximate result of Defendants' negligence, gross negligence, and recklessness as described herein, Plaintiff's decedent suffered pain and suffering, loss of enjoyment of life, emergency medical expenses, and death.

17. As a direct and proximate result of Defendants' negligence, gross negligence, and recklessness as described herein, Plaintiff and the other statutory wrongful death beneficiaries of Plaintiff's decedent have suffered severe emotional distress, grief, anguish and sorrow; loss of companionship, comfort, and society; loss of consortium; loss of income; and funeral expenses.

18. The conduct of Defendants as described herein was wilful, wanton, and in reckless disregard for safety in a manner that warrants the imposition of punitive damages.

### FOR A SECOND CAUSE OF ACTION
### (Against All Defendants)
### (Strict Liability)

19. Plaintiff repeats and realleges paragraphs 1-18 as if restated verbatim.

20. Defendants are sellers engaged in the business of selling such products as the subject Versaladder.

21. The subject Versaladder was in a defective condition, unreasonably dangerous to the user or consumer, when it left Defendants' control. Plaintiff's decedent was killed while he was operating the Versaladder in a reasonably foreseeable manner.

22. Defendants placed this defective and unreasonably dangerous Versaladder into the stream of commerce, expecting it to reach users and consumers without substantial change in condition. When Plaintiff's decedent purchased the subject Versaladder from Defendant Home Depot, the ladder was in substantially the same condition as when it left the custody and control of Defendants. On June 17, 2001, at the time of the incident described herein, the subject Versaladder

6

was in substantially the same condition as when originally sold by Defendants.

23. The injuries and damages suffered by Plaintiff's decedent, as well as Plaintiff and the other statutory wrongful death beneficiaries, were directly and proximately caused by the defective and unreasonably dangerous condition of the subject Versaladder.

### FOR A THIRD CAUSE OF ACTION
### (Against All Defendants)
### (Breach of Implied Warranties–Merchantability and Fitness for Particular Purpose)

24. Plaintiff repeats and realleges paragraphs 1-23 as if restated verbatim.

25. At all times relevant to the allegations herein, Defendants were merchants with respect to goods such as the subject Versaladder.

26. Defendants intentionally and knowingly placed the subject Versaladder into commerce.

27. Defendants warranted that the subjected Versaladder was merchantable and fit for the ordinary purposes for which such goods are used, including that the ladder was reasonably safe for its intended or reasonably foreseeable uses.

28. At the time Plaintiff's decedent purchased the subject Versaladder from Defendant Home Depot, an employee or agent of Defendant Home Depot had reason to know the particular purpose for which Plaintiff's decedent required the subject Versaladder, and that Plaintiff's decedent was relying on the seller's skill or judgment to select or furnish suitable goods. As such, when Plaintiff's decedent purchased the subject Versaladder from Defendant Home Depot, there arose an implied warranty that the goods shall be fit for the particular purpose.

29. Defendants failed to provide a sufficient, conspicuous disclaimer of the implied warranties of merchantability or fitness for a particular purpose, which became part of the basis of

the bargain in Plaintiff's decedent's purchase of the subject Versaladder.

30.   In truth, Defendants sellers' representations and warranties that the subject Versaladder was reasonably safe, of merchantable quality, and fit for the purposes intended were false.

31.   The injuries and damages suffered by Plaintiff's decedent, as well as Plaintiff and the other statutory wrongful death beneficiaries, were directly and proximately caused by the Defendants' breach of the implied warranties of merchantability and fitness for particular purpose.

### FOR A FOURTH CAUSE OF ACTION
(Against All Defendants)
(Breach of Express Warranty)

32.   Plaintiff repeats and realleges paragraphs 1-31 as if restated verbatim.

33.   Defendants made numerous affirmations of fact, promises, and representations about the quality and safety of the subject Versaladder in its advertising and promotional materials, product containers, brochures, and labels, including the following: that the hinge release system contains "Two (2) independently activated cam lever releases creating a conscious safety check. (No chance of accidental unlocking.)"; that the Versaladder is "The Cadillac of Folding Ladders"; that the hinge design is the "strongest and most user-friendly available"; and that the Versaladder "meets OSHA and ANSI heavy duty specifications."

34.   The affirmations, promises, and representations about the subject Versaladder described herein constitute express warranties, which became part of the basis of the bargain in Plaintiff's decedent's purchase of the subject Versaladder.

35.   In truth, Defendants sellers' representations and express warranties were false.

36.   The injuries and damages suffered by Plaintiff's decedent, as well as Plaintiff and the

other statutory wrongful death beneficiaries, were directly and proximately caused by the Defendants' breach of the express warranties as described herein.

### FOR A FIFTH CAUSE OF ACTION
### (Against Defendant Versa Only)
### (Fraud)

37. Plaintiff repeats and realleges paragraphs 1-36 as if restated verbatim.

38. Defendant Versa made numerous representations about the quality and safety of the subject Versaladder in its advertising and promotional materials, product containers, brochures, and labels, including the following: that the hinge release system contains "Two (2) independently activated cam lever releases creating a conscious safety check. (No chance of accidental unlocking.)"; that the Versaladder is "The Cadillac of Folding Ladders"; that the hinge design is the "strongest and most user-friendly available"; and that the Versaladder "meets OSHA and ANSI heavy duty specifications."

39. One or more of the above representations was false.

40. The above representations were material to Plaintiff's decedent in his decision to purchase and use the subject Versaladder, as well as the manner in which he used the subject Versaladder.

41. Defendant Versa knew that its representations were false or made the representations in reckless disregarded for the truth or falsity of the representations.

42. Defendant Versa intended that the representations about the subject Versaladder would be acted upon.

43. Plaintiff's decedent was ignorant of the falsity of the above representations about the subject Versaladder.

44. Plaintiff's decedent relied on the truth of Defendant Versa's representations about the subject Versaladder.

45. Plaintiff's decedent had a right to rely on the truth of Defendant Versa's representations about the subject Versaladder.

46. Plaintiff's decedent, as well as Plaintiff and the other statutory wrongful death beneficiaries, suffered injury as a direct, proximate, and consequential result of his reliance upon Defendant Versa's false and fraudulent representations about the subject Versaladder.

### FOR A SIXTH CAUSE OF ACTION
### (Against Defendant Versa Only)
### (Negligent Misrepresentation)

47. Plaintiff repeats and realleges paragraphs 1-46 as if restated verbatim.

48. Defendant Versa made numerous representations about the quality and safety of the subject Versaladder in its advertising and promotional materials, product containers, brochures, and labels, including the following: that the hinge release system contains "Two (2) independently activated cam lever releases creating a conscious safety check. (No chance of accidental unlocking.)"; that the Versaladder is "The Cadillac of Folding Ladders"; that the hinge design is the "strongest and most user-friendly available"; and that the Versaladder "meets OSHA and ANSI heavy duty specifications."

49. One or more of the above representations was false.

50. Defendant Versa had pecuniary interest in making the above representations.

51. Defendant Versa owed a duty of care to see that it communicated truthful information to Plaintiff's decedent, as well as other consumers.

52. Defendant Versa breached its duty by failing to exercise due care with respect to the

10

above representations about the subject Versaladder.

53.     Plaintiff's decedent justifiably relied upon the above representations in his decision to purchase and use the subject Versaladder, as well as the manner in which he used the subject Versaladder.

54.     Plaintiff's decedent, as well as Plaintiff and the other statutory wrongful death beneficiaries, suffered injury as a direct, proximate, and consequential result of his reliance upon Defendant Versa's false and fraudulent representations about the subject Versaladder.

**FOR A SEVENTH CAUSE OF ACTION**
**(Against All Defendants)**
**(Violation of Consumer Products Safety Code)**

55.     Plaintiff repeats and realleges paragraphs 1-54 as if restated verbatim.

56.     Defendants, as manufacturers, distributers, and/or retailers of consumer products including the subject Versaladder, have a duty under the Consumer Product Safety Act, 15 U.S.C. § 2051 et seq., to comply with various safety reporting requirements, including notifying the Consumer Product Safety Commission whenever they obtain information which reasonably supports the conclusion that their products contain a defect which could create a substantial product hazard or poses an unreasonable risk of serious injury or death.

57.     Defendants have obtained information which reasonably supports the conclusion that the Versaladder model which is the same as the subject Versaladder in this action contains a defect which could create a substantial product hazard or poses an unreasonable risk of serious bodily injury or death.

58.     Defendants have knowingly and/or willfully failed to make the required reports of such defects and risks of serious bodily injury or death to the Consumer Product Safety Commission.

59.     Defendants, as manufacturers, distributers, and/or retailers of consumer products including the subject Versaladder, have a duty under section 37 of the Consumer Product Safety Improvement Act of 1990, 15 U.S.C. § 2084, to notify the Consumer Product Safety Commission whenever a particular model of their consumer product is the subject of at least three (3) civil actions alleging death or grievous bodily injury that result in final settlement or adjudication in favor of the plaintiff within a 24-month period.

60.     During one or more 24-month periods prior to June 17, 2001, the Versaladder model which is the same as the subject Versaladder in this action has been the subject of at least three (3) civil actions alleging death or grievous bodily injury that resulted in final settlement or adjudication in favor of the plaintiff.

61.     Defendants have knowingly and/or willfully failed to make the required reports of such civil actions leading to settlement or judgment in favor of the plaintiff.

62.     As a direct and proximate result of Defendants' knowing and/or willful failure to comply with the reporting requirements set forth above, Plaintiff's decedent suffered pain and suffering, loss of enjoyment of life, emergency medical expenses, and death.

63.     As a direct and proximate result of Defendants' knowing and/or willful failure to comply with the reporting requirements set forth above, Plaintiff and the other statutory wrongful death beneficiaries of Plaintiff's decedent have suffered severe emotional distress, grief, anguish and sorrow; loss of companionship, comfort, and society; loss of consortium; loss of income; and funeral expenses.

64.     The conduct of Defendants as described herein was wilful, wanton, and in reckless disregard for safety in a manner that warrants the imposition of punitive damages.

WHEREFORE, having fully set forth her allegations against Defendant, Plaintiff respectfully requests the following relief:

a. Compensatory damages under the South Carolina Wrongful Death Act for emotional distress, grief, anguish and sorrow; loss of companionship, comfort, and society; loss of consortium; loss of income; and funeral expenses;

b. Compensatory damages under the South Carolina Survival Statute for conscious pain and suffering; pre-impact apprehension of death or serious injury; and loss of enjoyment of life;

c. Punitive damages;

d. Attorneys' fees, expert witness fees, and costs; and

e. Such further relief as the Court deems appropriate.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

\* \* \*

GERGEL, NICKLES & SOLOMON, P.A.

By: _____
Richard Mark Gergel, Fed. ID No. 1027
David E. Rothstein, Fed. ID No. 6695
1519 Richland Street
Post Office Box 1866
Columbia, South Carolina 29202-1866
(803) 779-8080
Fax: (803) 256-1816
E-mail: David.Rothstein@scbar.org

Attorneys for Plaintiff, Madge Lee Socky, as Personal Representative of the Estate of Frank J. Socky

May 22, 2002

Columbia, South Carolina.